IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy Rainey Ronell, | ) | C/A No. 0:20-871-DCN-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Rec Officer Cabbagestock; Mr. Stevenson; "Warden" M. Stephan; A/Warden Peeples; A. Warden Mr. Inabinet; Mr. Ramos; Ms. Warden; Director SCDC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This is a civil action filed by a self-represented state prisoner. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**MOTIONS TO AMEND AND CORRECT THE AMENDED COMPLAINT:**

Plaintiff moves to amend the Amended Complaint. (ECF No. 32.) Plaintiff filed a new complaint form listing two new defendants as the only defendants, but Plaintiff indicates in his cover letter that he wants the two new defendants added in addition to the current defendants. Plaintiff *must* file a proposed second amended complaint that includes all of the defendants, facts, and claims he seeks to raise in this matter. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (internal quotation marks omitted); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 (3d ed. 2018). The court will not entertain multiple incomplete pleadings.

Consequently, Plaintiff's motion to amend the Amended Complaint (ECF No. 32) is denied without prejudice to file a new motion to amend with a proposed second amended complaint that is complete in itself—that is, the proposed second amended complaint must include all of the defendants and claims Plaintiff seeks to raise in this lawsuit. See also Fed. R. Civ. P. 15(a)(2) (allowing second and subsequent amendments of the complaint only with the opposing party's consent or the court's leave).

Plaintiff's also files a motion seeking to correct Defendant Rainbo's name to "Mr. Ramos." (ECF No. 40.) This motion is granted, and the caption of this case shall reflect the correct name of Defendant Mr. Ramos as displayed in the caption of this order.

**UNSERVED DEFENDANT**:

By order dated April 9, 2020, the court authorized service of process of the Amended Complaint. (ECF No. 19.) **However, the summonses for Defendants Cabbagestock and Rainbo were returned unexecuted.** (ECF No. 39.) The United States Marshal remarked as to Cabbagestock's Form USM-285 that SCDC could not accept service of the summons because Cabbagestock is no longer an SCDC employee. A copy of the deficient Form USM-285 is attached to this order. As to Rainbo, the Form USM-285 indicated SCDC could not identify Rainbo, but Plaintiff has already attempted to remedy that by correcting that name on the docket as indicated, *infra*, and Plaintiff filed a new Form USM-285 for Defendant Ramos. (ECF No. 41.)

Plaintiff is reminded that he must provide, and is responsible for, information sufficient to identify and locate the defendant on the Form USM-285 and summons. The United States Marshal cannot serve an inadequately identified defendant. Under Rule 4(m), unless a defendant is served within ninety (90) days after the <u>original</u> summons is issued, the court must dismiss an action without prejudice as to that defendant. See <u>Robinson v. Clipse</u>, 602 F.3d 605, 608-09 (4th Cir. 2010) (tolling during initial review) If Plaintiff needs more time to effect service, he must file a motion to extend the time for service and show good cause for his failure to do so pursuant to Rule 4(m).

**Therefore, Plaintiff is directed to complete and return new summonses (for Cabbagestock and Ramos) and a new Form USM-285 for Cabbagestock within fourteen (14) days from the date this order is entered (plus three days for mail time), sufficient to identify and locate the defendant.** These documents must be mailed to: Clerk of Court, 901 Richland Street, Columbia, South Carolina 29201.

The court notes that *if* Plaintiff files a new motion to amend the Amended Complaint and the court grants the motion, the court has already received Plaintiff's completed summons and Forms USM-285 for proposed defendants Stirlint and Davis. (ECF No. 33.)

**TO THE CLERK OF COURT**:

The Clerk of Court is directed to correct Defendant Rainbo's name to "Mr. Ramos" as reflected in the caption of this order.

The Clerk of Court is directed to mail a copy of this order, a copy of the deficient Form USM-285, a blank summons, and a blank Form USM-285 to Plaintiff. The Plaintiff will have fourteen (14) days from the date this Order is entered (plus three days for mail time) to provide an updated summons and Form USM-285 to the Clerk of Court.

**IT IS SO ORDERED**.

July 13, 2020  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important warning on the next page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO *PRO SE* PARTY OR NONPARTY FILERS

All documents that you file with the court will be available to the public on the internet through PACER (Public Access to Court Electronic Records) and the court's Electronic Case Filing System. **CERTAIN <u>PERSONAL IDENTIFYING INFORMATION</u> SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS <u>BEFORE</u> YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Federal Rule of Civil Procedure 5.2, provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to **all** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

   **(a) Social Security and Taxpayer Identification Numbers.** If an individual's Social Security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
   **(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
   **(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
   **(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information—such as driver's license numbers and alien registration numbers—may be sought under Rule 5.2(d) (Filings Made Under Seal) and (e) (Protective Orders).