IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy Rainey Ronell, | ) | C/A No. 0:20-871-DCN-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Rec Officer Cabbagestock; Mr. Stevenson; "Warden" M. Stephan; A/Warden Peeples; A. Warden Mr. Inabinet; Mr. Ramos; Ms. Warden; Director SCDC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Timothy Rainey Ronell, a self-represented prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court on various discovery motions filed by Plaintiff. (ECF Nos. 56, 59, 64, & 65.) Plaintiff's motions appear to request subpoenas for witness testimony from multiple individuals, to compel document production from parties, to subpoena document production from non-parties, for the court to "investigate" certain matters, and for Plaintiff to be given a polygraph test.

Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se*. According to Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

A.    **Motions Seeking Document Production**

In several of his motions, Plaintiff appears to seek or compel document production from the defendants. (ECF Nos. 59, 64, & 65.) Absent a dispute, the court generally does not enter the discovery process, which is detailed in the Federal Rules of Civil Procedure. See generally Fed. R. Civ. P. 26 through 37; see also Fed. R. Civ. P. 45. Plaintiff is advised that he does not need specific authorization from the court to obtain discovery from the defendants. Rather, he should direct his discovery requests to counsel of record for the defendants. If Plaintiff is dissatisfied with the responses he receives from the defendants, he may then file a motion to compel. See Local Civil Rule 37.01 (D.S.C.) Thus, to the extent Plaintiff seeks to compel discovery responses, his motions are premature and are therefore denied.

B.    **Motion for Investigation and for Polygraph Test**

Plaintiff also files a motion "to investigate" issues with legal mail and alleged crimes that have occurred at Broad River Correctional Institution ("BRCI"). (ECF No. 59.) To the extent Plaintiff requests that the court order an investigation to assist him in proving his case, such request is denied. See Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). To the extent Plaintiff requests that the court itself "investigate" conditions at BRCI, such request is denied, as it is inappropriate for the court to engage in independent factual investigation. See Rasberry v. Spradling, 558 F.2d 257, 257 (5th Cir. 1977) (holding that the district court's acceptance of a recommendation to dismiss did not comport with the Federal Rules of Civil Procedure or governing case law where the magistrate judge did not rule on the sufficiency of the complaint but

rather conducted an independent, *ex parte* factual investigation, including interviews of one or more witnesses).  Similarly, to the extent Plaintiff asks the court for a polygraph examination, it is impermissible for the court to conduct discovery on Plaintiff's behalf.  Cf. Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) (holding that a Rule 35 motion for a mental examination is not the proper vehicle to obtain medical care and raise claims of deliberate indifference to a plaintiff's medical needs).  Moreover, Plaintiff does not identify the source of any funds to pay for this test.  To the extent he requests that it be performed at public expense, such a request must be denied.  See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress, not that public funds may be expended unless prohibited by Congress."); Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir.1987) (upholding the district court's denial of a civil plaintiff's request for funds to pay an expert medical witness and observing that neither 28 U.S.C. § 1915 nor any other authority provides for such funding); see also Tabron, 6 F.3d at 159.  Accordingly, Plaintiff's motion is denied.

**C.    Motions for Subpoenas**

The court's authorization of a subpoena *duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena.  See Fed. R. Civ. P. 26(b) & 45(d)(1); Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (finding that the court may refuse an indigent party's request to have the United States Marshals Service serve a Rule 45 subpoena *duces tecum* that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process").  The court notes that, although the plaintiff has

been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiff's discovery expenses are underwritten or waived. See, e.g., Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff seeking issuance of a subpoena must simultaneously tender the witness fees and the estimated mileage allowed by law with the service of the subpoena); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). While the plaintiff's *in forma pauperis* status may permit service of a subpoena *duces tecum* by the United States Marshals Service without prepayment of the cost of service,[1] the court must limit a plaintiff's discovery requests if the documents sought from the non-party are "cumulative or duplicative, or can be obtainable from some other source that is more convenient, less burdensome, or less expensive." See Fed. R. Civ. P. 26(b)(2)(C); see also Badman, 139 F.R.D. at 605 ("The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*."). Additionally, the plaintiff should demonstrate that the requested records are obtainable only through the identified third party and that he has made provisions to pay the reasonable costs associated with the discovery he seeks. See Badman, 139 F.R.D. at 605; Sickler v. Curtis, No. 2:11-cv-0205, 2012 WL 3778941, at *2 (E.D. Cal. Aug. 31, 2012).

---

[1] Plaintiff is advised that the cost of service by United States Marshals Service is considered an item of cost which may, at the court's discretion, be included as judgment against Plaintiff at the conclusion of the action pursuant to 28 U.S.C. § 1915(f) if Plaintiff does not prevail. See Flint v. Haynes, 651 F.2d 970, 972-73 (4th Cir. 1981); 28 U.S.C. §§ 1920, 1921(a)(1) (stating that the court may tax as costs fees of the United States Marshals Service, such as the service of subpoenas).

In his current motion, Plaintiff has not presented the information necessary for the issuance of a subpoenas *duces tecum*. (ECF No. 56.)  Specifically, Plaintiff must:

(1) clearly identify what documents he is seeking and from whom;

(2) explain how the requested documents are relevant and proportional to the needs of his case;

(3) show that the requested documents are obtainable only through the identified third party;

(4) show that he has arranged for service of his proposed subpoenas *duces tecum* pursuant to Rule 45 of the Federal Rules of Civil Procedure or, in the alternative, provide the court with completed USM-285 forms so that service can be effected by the United States Marshals Service (see 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3)); and

(5) demonstrate to the court that he has made provision or has the funds necessary to pay the subpoenaed party for the costs associated with the production of the requested documents.

It is therefore

**ORDERED** that Plaintiff's motion for subpoenas *duces tecum* is denied with leave to re-file to provide the court with the additional information outlined above within fourteen (14) days from the date of this order.  (ECF No. 56.)  Plaintiff's motion seeking issuance of trial subpoenas is denied as premature without prejudice to refile his motion at the appropriate stage of litigation.  (ECF No. 64.)  Additionally, Plaintiff's motions seeking to compel document production, for an investigation, and for a polygraph test are denied.  (ECF Nos. 59, 64, & 65.)

**IT IS SO ORDERED**.

November 18, 2020　　　　　　　　　　Paige J. Gossett
Columbia, South Carolina　　　　　　　UNITED STATES MAGISTRATE JUDGE